**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PADDY OSEWE OKOTH, | No. 20-70599 |
| Petitioner, | |
| v. | Agency Nos. A201-004-925 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022[**]
San Francisco, California

Before: SILER,[***] S.R. THOMAS, and CALLAHAN, Circuit Judges.

Paddy Osewe Okoth ("Okoth") petitions for review of the Board of

Immigration Appeals' ("BIA") denial of his motion to reopen. Okoth also raises for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1

the first time an ineffective assistance of counsel ("IAC") claim. We have jurisdiction under 8 U.S.C. § 1252.

A denial of a motion to reopen is reviewed for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992). A motion to reopen shall not be granted unless it is supported by evidence that is material, was unavailable at the last hearing, and is relevant and specific to the moving party's underlying claims. *See Dada v. Mukasey*, 554 U.S. 1, 14 (2008). The new evidence must show the moving party is prima facie eligible for the underlying relief sought. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). We deny the petition in full because (1) Okoth has not shown that the BIA abused its discretion in determining that he failed to establish prima facie eligibility for the relief sought, and (2) Okoth failed to exhaust his IAC claim.

1.      Okoth claims he is entitled to asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

To establish prima facie eligibility for asylum and withholding of removal Okoth must demonstrate "credible, direct, and specific evidence . . . that would support a reasonable fear of persecution" if he is returned to Kenya. *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003). When a petitioner, like Okoth, has not suffered persecution in the past he must demonstrate an individualized, versus

generalized, risk of future persecution. *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005).

To carry this burden, Okoth largely relies on an affidavit from his father regarding his father's eligibility for CAT relief from 2000 and a 2019 Human Rights Report discussing political turmoil in Kenya, but he did not relate these items to his own risk of future persecution. Okoth also included transcripts of unauthenticated text messages from his family discussing violence in Kenya, but he did not provide a way to authenticate the origin or validity of those messages, nor did he adequately tie these messages to his claims for relief. The BIA rightly deemed them unreliable. *Espinoza v. INS*, 45 F.3d 308, 309 (9th Cir. 1995) (noting that "immigration forms be authenticated through some recognized procedure.")

Okoth also attempts to provide this court with additional information concerning his fear of persecution by filing five news articles detailing political violence and tribal persecution in Kenya. These reports were not part of the administrative record, so this court lacks jurisdiction to review them. 8 U.S.C. § 1252(b)(4)(A); *Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The documents Okoth supplied to the BIA to demonstrate his eligibility for relief do not demonstrate an individualized risk of future persecution. In fact, they are not even individualized to him. In turn, the BIA found that he failed to establish prima facie eligibility for asylum and withholding of removal. The BIA did not abuse

3

its discretion in so concluding. We deny Okoth's petition with respect to the BIA's denial of the motion to reopen regarding asylum and withholding of removal.

2.      Okoth likewise cannot establish that he would be more likely than not to be tortured upon returning to his home country. Again, he relies on the same evidence.

As above, Okoth fails to show a "particularized threat of torture." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008). He has not been tortured in the past in Kenya. Generalized reference to violence, even torture, in Kenya is not sufficient to demonstrate that future torture is more likely than not a risk he faces. Okoth relies on his father's 2000 grant of CAT protection in support of his claim of eligibility, but that petition relied on circumstances that are now outdated. Accordingly, we also deny Okoth's petition regarding his application for CAT protection.

3.      Okoth raises an ineffective assistance issue for the first time in his opening brief. Accordingly, Okoth failed to properly exhaust his claim before the agency. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

The petition for review is **DENIED**.